UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRIPPS HEALTH, a California corporation, | CASE NO.  09 CV 2784 W (BGS) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |
| vs. | |
| VISION SOFTWARE TECHNOLOGIES, INC., a Tennessee corporation, | |
| Defendant. | |
| AND RELATED CROSS-CLAIM. | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive, commercial, or constitutional reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

///

///

///

-1-

09CV2784-W

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, proprietary, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DURATION**

Even after the termination in this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or the Court so directs.

## **DEFINITIONS**

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "Confidential" by any party to which it belongs.

2. The term "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of counsel of record appearing for the parties in the above-captioned matter, respectively.

///

-2-

1     4.    The terms "parties" or "party" mean any party to this action, including its directors, officers, or control group management employees.

### GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL." Any party may designate information as "CONFIDENTIAL" where, in the good faith belief of such party and its counsel, the information has not been made public and unrestricted disclosure of such information could be potentially prejudicial to the privacy, business, or operations of such party or implicated third parties.

6. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

7. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until twenty-five (25) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL;"

      b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

      a. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," as appropriate.

8. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts or consultants retained for the purposes of this litigation, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

      a. Directors, officers, and control group management employees of any party;

      b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

      c. Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

///

1      11.    All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts or consultants authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

      12.    Designations should not be made if clearly unjustified, or if made for an improper purpose. If it comes to a party's attention that Confidential Information does not qualify for protection as so designated, that party must promptly withdraw the designation upon request.

      13.    When briefs, memoranda or other documents or things containing Confidential Information are filed with the Court, the filing party shall make every effort to file these documents or things under seal and shall comply with the Court's requirements for doing so. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. If an application to file a document under seal is granted by the Court, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to the Court's chambers.

      14.    At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within ten (10) Court days of receipt of such a notice of objections, the parties are to consult and follow Judge Skomal's Chambers' Rules regarding discovery disputes, which are available on the Court's website. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise

1  resolved.

2  15.  All Confidential Information shall be held in confidence by those inspecting or
3  receiving it, and shall be used only for purposes of this action.  Counsel for each party and each
4  person receiving Confidential Information shall take reasonable precautions to prevent the
5  unauthorized or inadvertent disclosure of such information.  If Confidential Information is
6  disclosed to any person other than a person authorized by this Order, the party responsible for the
7  unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized
8  disclosure to the attention of the other parties and, without prejudice to any rights and remedies
9  of the other parties, make every effort to prevent further disclosure by the party and by the
10 person(s) receiving the unauthorized disclosure.

11 16.  No party shall be responsible to another party for disclosure of Confidential
12 Information under this Order if the information in question is not labeled or otherwise identified
13 as such in accordance with this Order, or under any other applicable objection or privilege,
14 unless circumstances exist which ought reasonably have alerted the disclosing party as to the
15 confidential nature of the information in question.

16 17.  If a party produces any Confidential Information without labeling or marking or
17 otherwise designating it as such in accordance with this Order, the designating party may give
18 written notice to the receiving party that the document or thing produced is deemed Confidential
19 Information, and that the document or thing produced should be treated as such in accordance
20 with that designation under this Order.  The receiving party must treat the materials as
21 confidential, once the designating party so notifies the receiving party.  If the receiving party has
22 disclosed the materials before receiving the designation, the receiving party must notify the
23 designating party in writing of each such disclosure.  Counsel for the parties shall agree on a
24 mutually acceptable manner of labeling or marking the produced materials as
25 "CONFIDENTIAL."

26 18.  Nothing herein shall prejudice the right of any party to object to the production of
27 any discovery material on the grounds that the material is protected as privileged or as attorney
28 work product.

19. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

20. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

21. If a party or any person who has agreed to be bound by this Order receives a subpoena or order issued by any court or governmental agency requesting production of any writings or other information that another party to this action has designated as Confidential Information under the terms of this Order, the party receiving that subpoena or order shall promptly notify the party who designated the writing or other information as Confidential Information of that subpoena or order. So long as this procedure is followed to the greatest extent possible, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by court order.

22. Within sixty (60) calendar days after the final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

proceeding

23. Confidential Information in the possession, custody, or control of the Court shall be disposed of as follows: within thirty (30) calendar days after the final termination of this action and the expiration of the time for appeal or final determination of any appeal, any party to this action may request the return of the Confidential Information to that party. Any Confidential Information so returned must be treated by the receiving party strictly in accordance with the terms of this Order. To the extent that the parties do not seek the return of Confidential Information as set forth above, and/or within the time set forth above, the Court may destroy of such Confidential Information in any manner it deems proper. Any action by the Court, whether return or destruction of the Confidential and/or sealed material, must be preceded by an ex parte motion for an order authorizing the return of all Confidential Material to the party that produced the information, or the destruction thereof.

24. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree, or the Court rules, should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

26. Transmission by facsimile or email is acceptable for all notification purposes herein.

27. This Order may be modified only by agreement of the parties, subject to approval by the Court, or by Order of the Court.

///

///

///

|   |   |
|---|---|
| 1 | 28.  Public policy and other considerations require that the provisions of this Stipulated Protective Order be subject to further Court order.  Thus, the Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings, and may make any other order it deems appropriate with regard to this Stipulated Protective Order.  The parties prefer that this Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order. |

29.  Without separate Court order, this stipulated protective order does not change, amend, or circumvent any Court rule or Local Rule.

**IT IS SO ORDERED.**

DATED: July 8, 2010

_____
**BERNARD G. SKOMAL**
United States Magistrate Judge